## JANUARY TERM, 1844. 417

*The State, to use of Sublette and Campbell, vs. Melton et al.*

THE STATE, to use of SUBLETTE and CAMPBELL, *vs.* MELTON ET AL.

1. In an action against a sheriff for failing to make return of an execution, the burden of proof lies upon the sheriff (defendant). The plaintiff is not bound to prove the allegation in his declaration, that the sheriff did not make return of the execution according to the command thereof.

2. Where the burden of proof lies upon one party, it cannot be thrown upon the other party by the form of the pleading.

3. The endorsement on the writ by the sheriff, showing the manner in which it was executed, and the filing of the same in the clerk's office, constitute in law the *return.*

MILLER, *for Plaintiffs in error.*

The plaintiff insists, that, to make a good return, the officer must certify how he executed the writ, and must make actual return of the same.—Mo. Dig., 1835, p. 254, sec. 5, 6; *Ibid.*, p. 260, sec. 52, 53.

S. M. BAY, *for Defendants in error.*

I. The demurrer to the second assignment of breaches was properly sustained; because —

1. The assignment sets forth two sufficient causes of action in respect of the same demand, and is, therefore, bad for duplicity. — 1 Chitty's Plead., 259; Com. Dig., title, "Pleader," c. 64.

2. The plaintiffs profess, in the commencement, to assign "*a further breach,*" and then set forth, in the same assignment, *two* breaches, on which there must be different judgments. The breaches thus improperly assigned subject the defendants to different penalties.—Rev. Stat., 1835, title "Executions," sec. 52, 54, p. 260.

3. If an. issue had been tendered on the second assignment, and found for the plaintiff, the court would have been unable to render judgment on such finding, because *one breach*, included in this assignment, subjects the sheriff to the payment of the whole amount endorsed on the execution, and the *other breach* to a penalty of *five per cent. a-month*, &c.

II. There is a distinction between an *insufficient* return and *no return*. Upon the trial of an issue, whether an execution had ever been *returned*, the plaintiff cannot succeed by proving an *insufficient* return. — 7 Bac. Ab., title, "Rescue," *e.*; *Ibid.*, title, "Sheriff," *n.*; 3 Tom. Law Dic., "Return," 388; 2 Starkie on Ev., 477.

III. The "*return*" is the endorsement of the officer on the writ, showing the manner in which it was executed. If the "*return*" means, as contended by the plaintiffs in the court below, the filing of the writ in court, or in the clerk's office, how could an officer be sued for a *false* return? &c. — 5 Eng. Com. Law Rep., 2.; 3 Chitty's Prac., 647, 8, 9; 1 Monroe, 108, 9; 6 Monroe, 622; 17 Johns. Rep., 131; 2 Cowen's Rep., 477; Miller *vs.* Adams, 16 Mass., 456; Ma-

ther *vs.* Green, 17 Mass., 60; Rev. Stat., 1835, title, " Practice at Law," art. 6, sec. 7, 3d subdivision.

IV. Admitting, for the sake of argument, that the technical " *return*" of a writ is the filing of the same in court, or in the clerk's office, yet the plaintiff failed to prove that the writ had not been so returned, as they were bound to do; they holding the affirmative of the issue. — 1 Starkie on Ev., 418.

V. The cause being submitted to the court, sitting as a jury, and the issues being found for the defendants, this court will not disturb the verdict, unless it should appear that the evidence greatly preponderated in favor of the plaintiff, which is certainly not the case in this instance.

TOMPKINS, *J., delivered the opinion of the Court.*

The State of Missouri, for the use of William Sublette and Robert Campbell, sued William N. Melton, Louis Bolton, William N. Campbell, John W. Wells, and others, securities of said Melton in his official bond, given as sheriff of Cole county on his said bond. The plaintiff assigned, as a breach of the condition of said bond, that, on the 22d day of January, 1840, he delivered to the said Melton, sheriff, as aforesaid, a writ of execution, issued by the Circuit Court of Cole county, to be executed and returned according to law; and that said Melton did not make return of said execution, according to the command thereof, &c., but wholly failed so to do. To this breach the defendants pleaded, that Melton did not fail to make return of said execution, as in said declaration is alleged, &c.; on which the plaintiff took issue.

Other breaches were assigned, to which pleas were filed; but they will be passed without notice, as the defendants did not, in the argument, rely on the issues made on them. The issue was found for the defendants on this plea:—The execution is, by law, returnable at the term of the court out of which it issued next succeeding its delivery, unless otherwise ordered by the plaintiff; and it is, also, returnable on a day specified in such execution.—See fifth and seventh sections of the act to regulate executions, p. 254 of the Digest of 1835. By the 52d section of the same act it is provided, that if any such officer shall not return any such writ, according to law, &c., such officer shall be liable and bound to pay the whole amount of money in such writ specified, or thereon endorsed, and directed to be levied. It was the duty, then, of the sheriff to return the execution on the day specified in the writ, and to endorse on the execution the day of the return. On the sheriff lay the burthen of proof; but he pleads that he did not neglect to return, &c.; and the plaintiff, by his inattention to this evasive plea of the defendants, undertakes to prove a negative — viz., that the sheriff had not returned, when it was the duty of the sheriff to prove that he had returned the execution. The defendants introduced, as a witness, the deputy clerk, who stated that he had not seen the execution in the office before the 20th May, 1840: being delivered to the sheriff on the 22d day of February, 1840, it should have been returned on the first Monday in March of that year. He stated, that, after the term of the Circuit Court to which this execution was returnable, Miller, the attorney of

The State, to use of Sublette and Campbell, vs. Melton et al.

Sublette and Campbell, was at the office, and inquired for an execution, which he could not find ; and supposing that he intended to sue the sheriff, the witness told the sheriff " He had better return his execution, as Miller was after him, and," as the witness supposed, " intended to sue him : " that, in a few days, the sheriff returned a parcel of executions, of which this was one ; and that he (the witness) believing he might be called on to prove the time of returning it, endorsed on them the time at which they were brought in.    The witness stated, that the officers of the court, and attornies, had been too much in the habit of removing papers from the office : that he did not know whether said execution had been in the office before the time endorsed on it or not.

Mr. Bay, the attorney-general, contends, for the defendants, that the testimony was insufficient ; that the plaintiff should have introduced the principal clerk, who alone could be presumed to know at what time the return of the execution was made.    The return of an execution is not merely the bringing back into court the paper on which the authority of the sheriff to act is written, but it is necessary that he should make on that paper an endorsement in writing of what he has done, in obedience to the order therein contained.    In 1 Chitty, 691, we find, that if the defendant plead that he requested the plaintiff to deliver an abstract of title, but that the plaintiff did not, when so requested, deliver such abstract, but neglected and refused so to do, the plaintiff cannot reply that he did not neglect and refuse to deliver such abstract ; but should reply, either denying the request, or, affirmatively, that he did deliver the abstract.    The plea was demurable.

It is not allowable that a defendant should, by such an evasive plea, throw on the plaintiff the burthen of proving what it was his own duty to prove, and what he could very easily have proved by his own endorsement on the execution, if it be true that he did return it, as by law required.    No evidence was given of the return of the writ of execution.    The sheriff's endorsement on it was the first evidence necessary to be given, in order to show what he had done under the execution ; and the clerk's endorsement of the time of filing the same is the evidence of the time at which it was filed ; and this endorsement of the writ by the sheriff, and filing it in the clerk's office, together constitutes, in law, a return.

The judgment of the Circuit Court is reversed, and the cause remanded.

Scott, Judge, did not sit in this case.