PLUMB *against* SAWYER.

Plumb
*v.*
Sawyer.

21 | 351
62 | 498
21 | 351
68 | 24
68 | 427

Statutes are not to be so construed as to have a retrospective effect, unless such construction be required in the most explicit terms ; the presumption being, that they are to operate prospectively, and not to impair vested rights.

The statute relating to the domestic relations, approved *June* 22nd, 1850, is applicable to conveyances subsequently made, and contains no express allusion to those previously made.

Therefore, where *A*, a creditor of *B*, on the 15th of *August*, 1849, attached the interest of *B* in the real estate of *C*, the wife of *B*, (there being issue by the marriage,) which had been conveyed to her, on the 15th of *March*, 1836, in consideration of money or other property, acquired by her personal services during the coverture ; *A* recovered judgment, on the 24th of *July*, 1850, and caused an execution issued on such judgment to be levied on the property so attached, and had it set off; in an action of ejectment, afterwards brought by *A* against *B*, it was held, that *B* having become vested with a life estate, as tenant by the curtesy initiate, which was attached by *A*, before the passing of the law of 1850, whereby *A* acquired a lien, (subsequently perfected by judgment and levy of execution,) the effect of that law was not to destroy such lien, and devest the estate thus acquired ; consequently, the plaintiff was entitled to recover.

*Qu.* Whether it was in the *power* of the legislature, after the estate had become so vested in *B*, and *A* had, by his attachment, acquired a lien thereon, to pass an act, which should take away such estate and destroy such lien ?

THIS was an action of ejectment, tried before the superior court for *Middlesex* county, at the *February* term, 1851.

The plaintiff claimed title to the demanded premises, by virtue of the levy of an execution. They were conveyed to the defendant's wife, *Eunice Sawyer*, in fee, on the 15th day of *March*, 1836. She is still living, and has issue of her marriage with the defendant.

The plaintiff attached the defendant's interest therein, on the 15th day of *August*, 1849, and having recovered judgment in his suit against the defendant, caused his interest in the premises to be set off upon an execution, issued upon that judgment, on the 24th day of *July*, 1850, and which was returned on the 31st day of the same month.

The defendant offered evidence to prove, that the demanded premises were conveyed to his wife, in consideration of money and other property acquired by her personal services, during the coverture, and claimed, that by virtue of the provisions contained in the statute passed at the *May*

*Middlesex,*
July, 1851.
———————
Plumb
*v.*
Sawyer.

session, 1850, (*Sess. Stat. ch.* 33. *p.* 27. § 1.) the plaintiff acquired no title, by virtue of the levy of his execution.

The court, upon an objection made by the plaintiff, rejected the evidence, and found the issue in favour of the plaintiff. The defendant thereupon moved for a new trial; and the question of law was reserved for the advice of this court.

*C. C. Tyler,* in support of the motion, contended, That the plaintiff derived no title to the demanded premises, by virtue of the levy of his execution; the defendant, at the time of the levy, having no interest therein, which was liable to be taken on execution. In support of this position, he contended, 1. That the case was within the act of 1850, providing, " that all real estate conveyed to a married woman, during coverture, in consideration of money, or other property, acquired by her personal services, during such coverture, shall be held by her, to her sole and separate use." *Sess. Stat.* 1850. *ch.* 33. *p.* 27. Every part of this description is literally applicable to the property in dispute. It is *real estate—conveyed* to the defendant's wife, *a married woman*—and conveyed *during coverture.* The *consideration* of the conveyance is exactly identical. Why then is it not an irresistible conclusion, that the property is exclusively her own? The act says nothing about estate *thereafter* to be conveyed, &c. but estate *conveyed—i. e. already* or *heretofore* conveyed—at *any past* time. To say that the act does not apply to *past* conveyances, in other respects within its provisions, is doing violence to the language used. It is giving a construction to a statute different from the import of its words. 1 *Sw. Dig.* 12. *Pinney* v. *Bissell,* 7 *Conn. R.* 25. 1 *Kent's Com.* 432. *Goshen* v. *Stonington,* 4 *Conn. R.* 209. 220. *Curtis* v. *Hurlburt,* 2 *Conn. R.* 309. 315. *Jones* v. *Jones,* 6 *Shep.* 308.

2. That the act in question, according to its natural import, as claimed by the defendant, is a constitutional and valid act. *Goshen* v. *Stonington,* 4 *Conn. R.* 209. *Starr* v. *Pease* & al. 8 *Conn. R.* 541. *Mather* v. *Chapman,* 6 *Conn. R.* 54. *Beach* v. *Walker, Id.* 197. *Bronson* v. *Kinzie,* 1 *Howard,* (*U. S.*) 315. Legislative acts are always presumed to be constitutional and valid, and courts will not declare

them otherwise, unless they are manifestly so, beyond all rational doubt.   *Norwich* v. *County Commissioners of Hampshire*, 13 *Pick.* 61.   Ex parte *McCollum*, 1 *Cowen*, 550. 564.

*Spencer*, contra, after recurring to the dates of the prominent facts or events in this case—*viz.* the attachment by the plaintiff of the defendant's interest in his wife's land, *August* 15th, 1849 ; the judgment rendered on such attachment, *April* 3rd, 1850; the return of the execution, executed, *July* 31st, 1850 ; conveyance of the premises to *Eunice Sawyer*, *March* 15th, 1836 ; when the act of 1850 took effect, *July* 4th, 1850 ; commencement of the present suit, (action of ejectment,) *August* 14th, 1850 ; contended, 1. That the plaintiff, by his attachment of *August* 15th, 1849, acquired *a right*, which he never lost, by any act, neglect or fault of his own ; because he perfected the levy of his execution within the period of his lien.   If such right then is lost, it is because a retrospective effect is given to the act of 1850.

2. That the act of 1850 is not *expressly* retrospective ; and no retrospective effect will be given to it *by construction.* *Broom's Leg. Max.* 15.   *Goshen* v. *Stonington*, 4 *Conn. R.* 209.   *Perkins* v. *Perkins*, 7 *Conn. R.* 558.   *Thames Manufacturing Co.* v. *Lathrop, Id.* 550.   *Dash* v. *Van Kleeck*, 7 *Johns. R.* 477.   *Sayre* & ux. v. *Wisner*, 8 *Wend.* 661. *Quackenbush* v. *Danks*, 1 *Denio*, 128.

3. That to give this statute a *retrospective effect*, would not only be against the above general principles, but would be *unjust*, both as to the *husband* and the *creditor*.   First, the husband, being tenant by the curtesy initiate, had a *vested life estate*, of which the legislature could not arbitrarily deprive him.   It was, indeed, liable to be defeated, by a *divorce*, upon the authority of *Starr* v. *Pease*, 6 *Conn. R.* 541. and *Wheeler* v. *Hotchkiss*, 10 *Conn. R.* 225.   But these cases went upon the ground that a *divorce a vinculo* extinguished *per se* all the marital rights.   But this legislative act, if construed as the defendant claims, would take away a vested right growing out of the marriage, even during the existence of the marriage relation.   Secondly, the husband's right in this land, was a part of *his property*, liable for his debts, and by which he was enabled to procure credit.   Can the legislature thus put it out of the reach of his creditor, by

an arbitrary act, transferring it to somebody else, after the creditor has actually fixed a *lien* upon it? That this would be not only *unjust* but *unconstitutional*, see 1 *Denio*, 128. 1 *Howard*, (*U. S.*) 311.

4. That the plaintiff's interest, during the pendency of his *lien,* is just as sacred, and as much entitled to protection, as if he had previously availed himself of that *lien*, and completed a levy, before the passage of the law. Such a *lien* is equivalent to a *mortgage*. No *alienation* of the land, by the parties, could affect it; neither can any transfer be made, by the legislature, for the benefit of the parties, that can affect it. The creditor, it is true, did not avail himself of his right to levy until he had given the debtor all the time which he safely could. He, surely, ought not to be punished for his forbearance.

WAITE, J. The lands in question having been conveyed to the defendant's wife, by whom he had issue, he became thereby vested with a life estate, *as tenant by the curtesy initiate*. This estate was one which he could convey by deed, and which could be levied upon and taken by execution. *Starr* v. *Pease* & al. 8 *Conn. R.* 541. *Watson* & ux. v. *Watson*, 10 *Conn. R.* 77.

These principles, aside from the statute of 1850, (*a*) are not denied. But it is insisted, that by virtue of that statute, as the lands were conveyed to the wife, during her coverture, in consideration of money and other property acquired by her personal services, during the coverture, they became her sole and separate estate, and were not liable to be taken for her husband's debts.

It is conceded, that if the property had been conveyed to her, *subsequent* to the passing of the act, such would be its operation; but it is claimed, that the statute can have no such effect upon lands previously conveyed. The principal question, therefore, is, whether the statute is retrospective in its operation, and devests the husband of an estate which had previously become vested in him.

(*a*) That statute is as follows: " All real estate, conveyed to a married woman, during coverture, in consideration of money, or other property, acquired by her personal services, during such coverture, shall be held by her, to her sole and separate use." *Statutes*, 1850, *ch. 33.*

Although in some cases, statutes may have a retrospective effect, yet such a construction is never to be given to them, unless required in the most explicit terms.    The presumption is, that all statutes are to operate prospectively, and were not made to impair vested rights.    *Goshen* v. *Stonington*, 4 *Conn. R.* 220.    *Thames Manufacturing Company* v. *Lathrop*, 7 *Conn. R.* 550.    *Perkins* v. *Perkins*, 7 *Conn. R.* 558. *Couch*, q. t. v. *Jeffries*, 4 *Burr.* 2460.

In the present case, we see nothing to justify the construction contended for by the defendant.    The language—" all real estate conveyed to a married woman," may well apply to conveyances subsequently made, without any reference whatever to those that were prior ; and there is no express allusion whatever in the act, to conveyances, which had been made.

In this respect, the statute is materially different from another passed at the same session, upon a similar subject. That provided, " that in every case where the real estate of a married woman *has been or shall be sold*," &c. clearly extending to previous as well as subsequent sales.    *Stat.* 1850, *ch.* 31.

Another question has been made, and that is, whether it was in the power of the legislature to pass an act, which should take away the estate which had become vested in the defendant, and destroy the lien of the plaintiff acquired by his attachment, previous to the passing of the act, without any fault on his part, and without any compensation, the act now being passed to validate some act void for want of form, or to carry into effect some arrangement in conformity with the intention of the parties.    But we deem it unnecessary to enter into an examination of that question, as in our judgment, the act in question does not require it.    We think that the defendant has suffered no injury, by the rejection of the evidence offered by him ; and that, therefore, he is not entitled to a new trial.

In this opinion the other Judges concurred.

New trial denied.