J. N. Richardson, Appellant, vs. J. H. Gilbert et al., Appellees.

A bill to reach assets of a judgment debtor which are not subject to levy under an execution at law, brought by one not a party to the judgment, must show the complainant's title to or ownership of the judgments. An allegation of ownership of the execution issued thereon which has been returned unsatisfied is not sufficient.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion.

*F. B. Carter* for Appellant.

*J. F. McClellan* for Appellees.

Mr. Justice Raney delivered the opinion of the court:

The bill in this case, filed October 9th, 1882, is brought by the appellant against Gilbert, and his wife and Russ,

to subject a piece of land, the title to which was taken in the wife's name, to Gilbert's debts, and to have a mortgage thereon made to Russ by Gilbert and wife, declared fraudulent and void as against the indebtedness held by appellant. Russ died after answering the bill, and his executor and executrix were made parties. The title to the land has never been in Gilbert, but was conveyed directly to his wife by the commissioners who sold it, and is therefore what is termed an equitable asset.

The bill alleged the pendency of a suit at law brought on a bond against Gilbert, and another, by Richardson, and one Stephens, and that Stephens had assigned all his interest therein to Richardson. By an amendment made by consent November 26, 1883, it is alleged that judgment thereon was rendered May 24, 1883, for $166.44. The bill also alleges the rendition of a judgment by a Justice of the Peace for $48.48 in favor of Theo. West, against Gilbert, on a promissory note made in February, 1878, and that execution issued thereon, and " that said execution has been placed in the sheriff's hands, and his return of no property endorsed *upon* said execution."

It alleges also the recovery of two other judgments against Gilbert. One for $96.93, March 23, 1881, in favor of Charles W. Davis, on an indebtedness of date prior to September 3d, 1877, and the other in favor of W. D. Barnes, and rendered in September, 1881, for $62.26, on a written instrument made in October, 1877. The issue of an execution on each of these judgments is alleged, and it is also alleged as to the former, that " on the 5th day of October, 1882, the sheriff of Jackson county made his return *upon* said execution that no property could be found upon which a levy could be made," and as to the latter, that " the sheriff made his return *upon* said execution that

35

no property of the defendant, John H. Gilbert, could be found upon which a levy could be made." The bill states that on the second day of October, A. D. 1882, West transferred and assigned his execution to " complainant " for a valuable consideration and authorized " complainant " to collect the same for his own account, so that now " complainant is the sole owner of said execution, which is still due and unpaid," and that Davis "transferred and assigned" to complainant his "execution for a valuable consideration, so that now your orator is the sole owner thereof;" and that Barnes " transferred for a valuable consideration to your orator, his aforesaid execution, and authorized him to collect the same." Copies of the executions and of the assignments thereof endorsed thereon are annexed as part of the bill. The assignments read as follows, omitting the signatures and dates: That from West, " For a valuable consideration, I hereby transfer and assign this execution to James N. Richardson;" that from Davis is in the same language, and that from Barnes is the same also, with the addition of the words, "and authorize him to collect the same." The sheriff's return on each execution also states: " Returned not executed."

Where a creditor seeks the aid of equity to reach an equitable asset, which, as in this case, cannot be taken on execution at law, he must have obtained judgment, issued an execution, and there must be a return of the execution unsatisfied, because that no property of the defendant therein subject to levy can be found. Freeman on Executions, §428 ; Robinson vs. Springfield Co., 21 Fla. It is too evident that there is nothing amounting to an allegation of a sufficient return of the execution in the case of the West execution. According to authorities, which it may be well to consider, the allegations of the bill as to the return of the other executions are hardly sufficient. Beck

vs. Burdett, 1 Paige, 305 ; Storm vs. Waddell, 2 Sanford Chancery, 564 ; Nelson vs. Cook, 19 Ill., 440 ; State vs. Milton, 8 Mo., 417 ; Welsh vs. Joy; 13 Pick., 477 ; McIlvain vs. Willis, 9 Wendell, 548 ; Freeman on Executions, §428.

Assuming, however, that these allegations are sufficient and there has been a return of the executions, what is there in the bill to show that the complainant is the owner of the judgments of which satisfaction is sought? If complainant is the assignee and owner of the judgments he should so allege. We cannot assume it. It is a familiar rule that a pleading is to be taken most strongly against the pleader. McIlvain vs. Willis, 9 Wend., 548. The allegation that one is the assignee or owner of a process, which has itself been returned, cannot be construed by us into an allegation of assignment or ownership of the judgment upon which it was issued, and which is the real claim sought to be collected. Freeman on Executions, §424. If the process has actually been returned to the clerk's office, it cannot issue again, and is *fuctus officio*, except as evidence for the ground for equitable jurisdiction, and for the issue of another execution should it be necessary to issue one.

The case is remanded with directions that the last demurrer filed to the bill be sustained, with leave, however, to the complainant to amend if there be ground therefor, and with further direction that all proceedings in the cause subsequent to said demurrer be set aside.

The appellant must pay the costs of this appeal, as well as those which have accrued in the Circuit Court.

The appellant then filed a petition for a re-hearing, which is as follows:

*To the Honorables George McWhorter, Chief-Justice, and George P. Raney, and R. B. Van Valkenburgh, Justices of the Supreme Court of Florida:*

The petition of appellant in the case of James N. Richardson vs. John H. Gilbert *et al.*, just decided by this court, respectfully shows that he is advised that there is error in the judgment of this court remanding this case to the Circuit Court of Jackson county, Florida, with directions that the last demurrer filed to the bill be sustained, with leave to complainant to amend if there be ground ; and that all proceedings in the case subsequent to the demurrer be set aside; and adjudging the costs of both this and the Circuit Court against the appellant, in this:

1st. The Sheriff's return upon the executions of which petitioner is assignee is sufficient to sustain the bill in this case. Copies of the executions and returns are a part of the bill. The return upon the West execution, which was considered bad by the court, and the weakest of them all, reads as follows: "Returned—not executed—no property to be found upon which a levy can be made. October 5th, 1882." This is clearly sufficient; it is not a return of "*nulla bona*," which simply means no *goods* to be found; but this is a return of no *property*, which includes both real and personal. The usual return of "*nulla bona*" without other words will be sufficient in the case of personal property. This return is amply sufficient. Freeman on Executions, secs. 355 and 356, citing Woodward vs. Harbin, 1 Ala., 108.

Freeman on Executions, sec. 428, cited by the court, fully sustains this return. It is there stated that the officer must make a return on the executions showing that he " can find no property subject thereto." This return fully sustains this requirement. It shows the execution is unsatisfied, and that the sheriff can find no property (either real

or personal) upon which to levy. Robinson vs. Spring-field Co., 21 Fla.

2d. The allegations of the bill, and the copy of assignment made a part of the same, are sufficient in law and in equity to show that the judgments mentioned in the bill were assigned to the complainant, and that he is the equitable owner of them, and therefore entitled to bring this suit. An assignee is protected by the statute against fraudulent conveyances as well as the original plaintiff in judgment. The authority cited by the court, Freeman on Executions, sec. 424, does not sustain the position that the proper assignment of the execution does not carry the judgment upon which this execution was issued with it. The more reasonable view is that the execution does carry the judgment, for it is absurd to suppose title in an execution in one, and title in the judgment which supports the execution in another. The judgment gives the execution vitality, and that only.

But the absolute assignment of an execution will carry the judgment. At common law the assignment of a judgment merely vested the assignee with an equitable title, and this common law doctrine prevails in this State. There is no special form or rule for assigning a judgment. It need not be written nor under seal. Freeman on Judgments, sec. 422. "The rights of a prevailing party to his judgment may be transferred by a conveyance of the land concerning which the judgment was rendered." Idem. And the true rule seems to be that any act that will clearly indicate an intention to assign a judgment will be valid as an assignment of the same in equity. Idem, sec. 423. The assignment of a judgment carries with it the cause of action upon which it was obtained. Idem, 431. Why should not the execution carry the judgment? Where is the distinction? The court decides that petitioner's executions are *functus*

*officio* because of the return of the sheriff upon the execu-
tions.    The execution is only returnable in two"cases under
our law—one where the plaintiff desires a new one, the
other where it is satisfied.    McClellan's Digest, secs. 4 and
5, page 522.    By section 4 the sheriff is authorized and re-
quired to make "returns of his doings thereon" at every suc-
ceeding term of the court.    These executions, therefore, are
still of full force and this return is simply made to enable
plaintiff to bring this suit.    The executions had not been
returned when they were assigned.

But the court misunderstands the facts of this case.    As
a matter of fact the obligation which was in suit at the fil-
ing of the bill is alleged in the bill to be the absolute prop-
erty of complainant; that Stephens had, at the filing of the
bill, assigned his interest in it.    And by the amendment
mentioned by the court which was admitted to be *true by
defendants* by an endorsement thereon, a judgment and exe-
cution on this obligation is alleged and a formal assign-
ment or written evidence of this assignment of the execu-
tion as alleged.    The complainant, at the bringing of the
suit, owned one-half of this obligation.    The reasoning of
the court will not, under this state of facts, apply.

This court cites no authorities, nor does it assign any prin-
ciple or reason, why the assignment of an execution does
not carry the judgment with it.    If this is the case, who is
entitled to control the judgment after the assigned execu-
tion has been returned in order to obtain a new one?
Surely the assignor, who has already been paid value re-
ceived, should not be permitted, and in equity would not,
to own the judgment.    If the judgments were not assigned,
it was a matter of defence to defendants to be pleaded.

If the assignment of the execution does not carry the
judgment in equity, it will upset a practice of long stand-
ing.    The usual way of assigning a judgment, if execu-

tion is issued, has been to assign the execution. Petitioner can find no authority sustaining the position of the court in this case, and the reasoning would seem to be against the court.

3d. These points decided by the court were not raised in the court below, nor by the petitioner in his appeal to this court. This court, therefore, had no right in equity to consider these points. True, a demurrer, alleging a "want of equity," was filed to the bill, but these points were not alleged under this nor any other ground. Petitioner and the defendants are prohibited from arguing any point not raised by the petition of appeal. Rule 8, Supreme Court. The appeal was taken from a final decree dismissing the bill, and the petition of appeal alleges as grounds that this decree is contrary to law and contrary to evidence only. This court should either have affirmed or reversed the decree on these grounds, and not upon the demurrer.

True, this court has decided that the appeal opens the whole case to respondent, but not where the other party would be taken by surprise. If this point had been raised complainant might have amended long since, and saved all susbequent costs. Petitioner has not seen respondent's brief, and cannot know whether this point is raised by the brief.

4th. This appeal is taken by complainant from a final decree in favor of defendants. This court should not have reversed the Circuit Court upon a demurrer decided adversely to the defendants upon an appeal by complainant, without passing upon the questions raised directly by the appeal. For if the decree of the Circuit Court was upon the whole evidence proper for defendants, why should the decree not be affirmed, especially when the points upon which it is reversed were decided in complainant's favor and there was no error as to him ?

The petitioner should not in equity, when the question has once been by him brought properly before your honors, be compelled, in order to ascertain his rights, to bring his suit over again, thereby entailing upon him the expense of a second suit, as this virtually is. If the petitioner can recover on the evidence he has before the court, this court should so decide, and if he cannot, the decree of the Circuit Court should be affirmed. McClellan's Digest, sec. 12, page 842; Life Insurance Co. vs. Cole, 4 Fla., 359; Spratt vs. Price, 18 Fla., 289.

For these reasons, and that justice may be done between the parties, your petitioner prays the said cause may be reheard by this honorable court. And as in duty bound your petitioner will ever pray.

MR. JUSTICE RANEY delivered the opinion of the court upon the petition for rehearing:

A careful reading of the preceding opinion will discover that the case was disposed of not on the ground of the insufficiency of the allegations as to the return of the executions, but on account of absence of an allegation of ownership by the complainant of the *judgments*. What we have said, however, upon the former point it may not be useless for the complainant's counsel, in view of the authorities cited, to consider. There is nothing in Robinson *et al.* vs. The Springfield Company, 21 Fla., inconsistent with either those authorities, or what we have said. Section 424 of Freeman on Executions, does treat of the judgment, and not the execution, as the claim of which satisfaction is to be sought in equity, and so does section 425, and such was our view in citing the former section.

We are still satisfied that a bill, in a case like the present, brought by one not a party to the judgment, must allege the complainant's ownership of the judgment in a

proper manner, and that an allegation of ownership of an execution issued thereon and returned unsatisfied is not sufficient. Such is the conclusion upon which the case was disposed of. We are dealing with a question of pleading, and the rule is that a pleading is to be construed most strongly against the pleader.; and however unreasonable it may be " to *suppose* title in an execution in one, and in the judgment which supports the execution in another," we do not think the rule of pleading referred to permits us to indulge in suppositions to support a pleader's case, and to *suppose* an allegation of ownership of an execution by assignment, and that such execution has been returned by the sheriff unsatisfied to be an allegation of ownership by assignment of an existing judgment. Suppositions in pleading are against the pleader, not in his favor. We do not deny that it is not necessary there should be written evidence of the assignment of judgment as laid down in sec. 422, of Freeman on Judgments, cited by appellant's counsel, nor that it has been held in Iowa, that " where E. recovered judgment for possession in an action for the recovery of real property against P., and afterwards sold the property to W., without assigning the judgment on the record, the grantee of the judgment plaintiff by the purchase of the property became the real party in interest and could properly revive the judgment by *scire facias*." We do not deny that the judgment " gives the execution vitality;" and if we admit that this is its " only " effect, we do not know but the inference is still clear that where there is no execution in fact outstanding, (it having been returned and become *functus officio,*) there is nothing in so far as such particular execution is concerned to be vitalized, and that an allegation as to that which is in fact *functus officio*, is not an allegation as to that which gave it vitality while it was a living thing. In Indiana an order on the clerk of a

court to pay over to " A." the amount of a judgment held by the drawer, was held by the Supreme Court not to be an assignment even in equity. In section 423, ot Freeman on Judgments, after mentioning this case, it is remarked : " Therefore, it cannot be *presumed* an assignment is intended." The petition for a re-hearing refers to this section.

Sections 4 and 5, of chapter 102, McC.'s Digest, referred to by appellant, do not change the rule as to what is necessary, so far as the return of the execution is concerned, to give equitable jurisdiction in cases of this character. There is nothing in either section which prevents the return of an execution before it is satisfied. Section 5, on the contrary, provides for a renewal ot the writ " upon the return to the clerk's office of the original execution from time to time for twenty years unless the same be sooner satisfied." Such renewal is by issue of *alias* and *pluries* executions.

It is urged that the court " misunderstands " the facts of the case ; and in support of the contention, allusion is made to an action at law which was pending *at the time the bill in equity was filed*, and in which action a judgment has been *subsequently* rendered, and the recovery of which has been alleged in the bill by an amendment. It is contended that there is practically an allegation ot absolute ownership of this judgment. If a judgment recovered subsequent to the filing of a bill of this character is sufficient to maintain the equitable jurisdiction, what becomes of the rule that before such equitable jurisdiction can be resorted to there must have been a judgment, an execution and the return of *nulla bona ?* Bills of this character cannot be supported by a judgment recorded subsequently to their being filed. If they could, it would only be necessary to allege a hope or expectation of such recovery. We did not misunderstand the facts as to this proceeding at law.

Upon no principle of pleading are we able to hold that

there is any allegation of ownership of the judgments recovered before the filing of the bill. We are not dealing with a question of evidence or ownership, but one of pleading.

It is complained that the point upon which we have disposed of this case was not made in the argument. It is well settled that where the bill or declaration fails to show a cause of action the appellate court will notice the defect although no notice be taken of it in the petition of appeal or assignment of errors. Pittman's Adm'r. vs. Myrick, 16 Fla., 692 ; Proctor vs. Hart, 5 Fla., 465.

The rehearing is denied.