JOHN McCARTHY, APPELLANT, VS. HAVIS & PERRY, APPELLEES.

1. A statute is not to be given a retrospective effect unless its terms show clearly that such an effect was intended.

2. Where the remedial provisions of a statute are clearly prospective they will not affect the remedy provided by a former act for the enforcement of rights acquired thereunder.

3. The act of 1885, chapter 3611, was prospective in its effect in so far as it gave any lien which was not given before, or gave a lien in a different manner from that in which a lien was authorized by previous statutes to be acquired by the same class of persons on the same character of property.

4. The remedy provided by the statute of 1885 was intended to apply only to rights acquired under that act. The remedy provided by the mechanics and laborers lien law of 1868, as amended in 1877, was not repealed by the act of 1885, as to a lien acquired under the former act before the passage of the latter.

5. The allowance under the act of 1885 of an attorney's fee as costs in favor of a plaintiff in a proceeding to enforce a lien acquired under the lien statute of 1868, as amended in 1877, is error, and the judgment, in so far as it allows such fee, is reversible on appeal.

6. Where erroneous proceedings not affecting the validity of the final judgment in a cause have been instituted by a plaintiff and opposed by the defendant, and such proceedings are set aside on appeal taken by the defendant, the costs of the same should not be taxed against the defendant, in the judgment.

Appeal from the Circuit Court for Marion county.

The case was tried before J. J. Finley, Esq., as Referee.

The facts of the case are stated in the opinion.

*W. S. Bullock* and *R. McConathy* for Appellant.

*John G. Reardon* and *J. W. Couch* for Appellees.

Mr. Justice Raney delivered the opinion of the court:

The proceedings in this case are as follows: On March 31st, 1885, appellees, Havis & Perry, who were plaintiffs, filed an affidavit in the office of the Clerk of the Circuit Court of Marion county, stating that the appellant, McCarthy, was indebted to them in the sum of $115.82 for work and labor done as mechanics and for materials furnished for the erection of certain buildings, described there-

in, and located in the town of Ocala, in that county; that such sum was due and unpaid and that they had filed their notice of lien in the Clerk's office, in accordance with the statute in such cases made and provided. They also filed an attachment bond; and the Clerk issued a writ of attachment directing the Sheriff of Marion county to attach and take into his custody the land, with the tenements thereon, or so much thereof as would satisfy the appellees' claim, with interest and costs, and it was "levied upon the west half of the lot of land within described." The defendant moved to discharge the attachment because of the insufficiency of the affidavit and of bond, and that no proceeding or action was pending in the court between plaintiffs and defendant, and the Circuit Judge denied the motion.

On May 11th of the same year a summons *ad responden-dum* was issued, returnable to the rule day in June, commanding the defendant to answer the plaintiffs in an action of assumpsit by attachment, and personal service of it was made on the defendant on the same day. A declaration was filed in October. It alleges that the plaintiffs erected the buildings on the land, describing both, and claims a lien by virtue of a statute of the State of Florida to secure liens on buildings and lots, for the sum of $115.82, according to an annexed account. A certified copy of the notice or claim of a lien, which they filed in the Clerk's ·office, is made part of the declaration which alleges the filing of such notice and states that the action is brought to enforce the lien, and claims $115.82 and costs. The notice of lien is dated March 25, 1885, and it appears to have been recorded the 31st day of the same month. To the declaration the defendant filed four pleas which, in view of the errors assigned on this appeal, need not be further noticed.

The case was referred to Hon. J. J. Finley, as referee, for trial, and he having heard the testimony found that the de-

fendant was indebted to the plaintiffs in the sum of $44.32, and rendered judgment accordingly for such sum with interest at eight per cent. per annum from " the eleventh day of May, 1885, the day when this suit was commenced, together with the costs, including an attorney's fee for thirty dollars."

A motion by the defendant for a new trial was denied, and an appeal was taken to this court. The errors assigned are the refusal to discharge the attachment and the allowance of any attorneys' fee in the judgment, the latter having been urged as a ground for a new trial.

The contract. involved here was made in November, 1884, and the only inference to be drawn from the record, and testimony, and briefs in this cause, is that the work was done and materials furnished prior to the act of 1885, and that the lien is claimed under the statute of 1868, as amended in 1877, and to be found on pp. 721, 722 of McClellan's Digest. The action of the plaintiffs in filing their notice of claim in the clerk's office, shows that they understood their right to a lien to vest under that law, notwithstanding the enactment of the statute of February 16th, .1885, entitled " An Act to protect mechanics, laborers, and material men, and to provide for the summary collection of moneys due them for wages or materials furnished." The difficulty which it seems counsel have found, has been as to what statute controlled the procedure for enforcing a lien acquired under the former act.

It is a rule of construction that a statute shall not be given a retrospective effect, unless its terms show clearly that such an effect was intended. Cooley's Con. Lim., m. p. 370 ; Phillips on Mechanics' Liens, §22 ; Plumb vs. Sawyer, 21 Conn., 351 ; Vanderpool vs. L. & M. R. R. Co., 44 Wis., 652 ; Capelle & Duncan vs. Baker's executrix, 3 Houstoun, 344 ; 21 Fla., 302.   In so far as the act of 1885

gives any lien which was not given before, or gives a lien in a different manner from that in which one was authorized to be acquired by the same class of persons on the same character of property by previous statutes, there is no doubt whatever that it is prospective only in its effect and purposes, applying only to labor to be performed and materials furnished after its enactment. There is nothing in it indicating a retrospective intent. As to the procedure for enforcing liens which were not given by former legislation, it is, of course, only prospective, and we think it clear that such is also the case as to the other class of liens covered by it. Its eighth section provides that when proceedings are brought by sub-contractors, mechanics, laborers or others, against the owner of " such building or articles " to enforce a lien " given by *this act*," the court shall require a notice to be given to the *contractor*, or others interested, to defend the same. By section 9 it is provided that the " liens *created by this act* " shall be enforced by attachment obtained in the manner provided by law; and section 10 enacts that all judgments, costs, " reasonable attorneys' fees and expenses rendered necessary in enforcing the liens *provided by this act*, shall be paid by the defendant, providing the *attaching contractor* shall sustain his claim." Language could hardly show more distinctly a positive purpose that the remedies provided by this act should extend only to liens given, created or provided by it as distinguished from those given by other acts. The rule invoked above has, moreover, been held to apply to purely remedial statutes, 3 Houstoun, 344, *supra*, but the language of this statute is too explicit to render a resort to rules of construction necessary. Its repeal of " all laws and parts of laws in conflict " with it, does not affect the act of 1877 in so far as the latter act provides for the enforcement

of liens acquired under it. Conner vs. Lewis, 16 Me., 268, 273.

It being both clear that the act of 1885 does not apply to past contracts, or operate retrospectively, and a fact that the acts of 1868 and 1877, referred to above, make no provision for the enforcement of the lien by attachment, the only conclusion to be reached is that the attachment should *for these reasons* have been dismissed. They are to be regarded as wholly improper, and to be ignored as a part of these proceedings. They in nowise affect the subsequent proceedings upon summons and personal service thereof, and the declaration and pleas which support the final judgment of recovery so far as the indebtedness recovered is concerned, which final judgment, (in so far as the amount of the indebtedness it adjudges a recovery of,) and other proceedings and pleadings, are not questioned here.

From what we have said it follows that the provisions of the act of 1885 as to a reasonable attorney fee do not apply to this case; and we think that the judgment rendered by the referee is the subject of review on this point in this court. Hart vs. Bostwick, 14 Fla., 162 ; State vs. Florida C. R. R. Co., 16 Fla., 702.

The judgment, in so far as it allows any sum as an attorney's fee, is reversed and set aside, and in the taxation of the statutory costs no charge will be made against the defendant on account of any of the attachment proceedings. The appellees will pay the costs of this appeal.

· It will be ordered accordingly.