J. R. EDDINS, APPELLANT, VS. MARY TWEDDLE AND GEORGE W. TWEDDLE, APPELLEE.

1. The seventeenth section of the mechanics' lien act of 1887 (Chapter 3747 laws of Florida) provides "that the liens provided for in this act shall be created at the time any labor is done or material furnished, and shall continue for six months from the last day upon which such labor was done or material furnished." The lien expires by limitation at the end of the time fixed by the act, and proceedings can not, after the expiration of such time, be brought to enforce the same.

2. In a proceeding at law to enforce a lien under the act mentioned in the preceding head-note, the affidavit of the plaintiff answers the purpose of a declaration, and where such affidavit shows that the plaintiff has no cause of action against the defendant, an appellate court will take notice of such defect, although the specific objection was not made in the court below.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion of the Court.

*W. W. Hampton*, for Appellant.

*S. Y. Finley, Ashby & Davis*, for Appellee.

LIDDON, J.:

The appellant brought his action at law under the statute of 1887 (Chapter 3747, laws of Florida) to enforce a mechanic's lien upon her contract, against the property of a married woman. The defendant moved to dismiss upon several grounds. The affidavit which, in such proceedings, answers the purpose of a declaration in such cases, alleged that the indebtedness for which the lien was claimed was for work done and labor and material supplied to the said defendant Mary Tweddle between September 6th and September 29th, 1888, in the construction of a dwelling-house, etc. The suit was begun on the 9th of May, 1889. Upon motion of the defendants the suit was dismissed by the court below.

The only argument presented by the parties is as to the constitutionality of the act under which proceedings were taken, and whether it is operative to create a lien upon the separate statutory property of married women, upon their contracts for buildings erected upon

such property. The motion to dismiss was treated by both parties, in the Circuit Court and in this court, as a demurrer; therefore we treat it as such. We are not able to decide the points presented by argument of counsel, for the reason that the affidavit filed shows that at the time the suit was begun, the plaintiff did not have any lien at all upon the property under the statute, without considering the circumstance of its being the property of a married woman. Section 17 of the act (page 130 acts of 1887) is as follows: "That the liens provided for in this act shall be created at the time any labor is done or material furnished, and shall continue for six months from the last day upon which such labor was done or material furnished." By noting the dates hereinbefore stated when the work was done and the materials furnished, and the date the suit was brought, it will be seen that more than six months had intervened. It is apparent upon the face of the affidavit that the plaintiff had no cause of action; that his lien, if it ever existed, had expired by limitation. This very objection was not made below, but we can not refuse to take notice, when a declaration, or a paper or pleading which stands in the place of it, utterly fails to show a cause of action. Crawford vs. Feder, 34 Fla. 397, 16 South. Rep. 287; Crawford vs. Tiedeman, 35 Fla. 27, 16 South. Rep. ——; Pittman vs. Myrick, 16 Fla. 692; Warburton vs. Coumbe, 34 Fla. 212, 15 South. Rep. 769. There was no error in dismissing the action.

The judgment of the Circuit Court is affirmed.